UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-81-JMS-DML-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARVIN EDWARD TURNLEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00081-JMS-DML |
| | ) | |
| MARVIN EDWARD TURNLEY, | ) -02 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Marvin Edward Turnley has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 116. Mr. Turnley seeks immediate release from incarceration. Dkt. 121. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In May 2015, Mr. Turnley pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Count 1) and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3). Dkts. 68, 74. In his factual stipulation, Mr. Turnley admitted that he and an accomplice entered a bank in Indianapolis, brandished a weapon and demanded money be placed in a black bag. Dkt. 64. After leaving the bank, Mr. Turnley and his accomplice led law enforcement on a high-speed chase which ended when Mr. Turnley struck another car and crashed into a tree. Both men attempted to flee the scene but were apprehended quickly thereafter. In the car, officials found $16,093 in cash in a black nylon bag and a Kel-Tec .380 caliber pistol loaded with a magazine and a bullet in the chamber. The Court sentenced Mr. Turnley to 56 months of imprisonment for Count

1 and 84 months of imprisonment for Count 3, to be served consecutively, for a total of 140 months. *Id.* The Court also imposed 3 years of supervised release. *Id.* The Bureau of Prisons (BOP) lists Mr. Turnley's anticipated release date, including good-conduct time, as March 10, 2024.

Mr. Turnley is 64 years old. He is currently incarcerated at USP Yazoo City in Yazoo City, Mississippi. As of April 9, 2021, the BOP reports that 3 inmates and 7 staff members at USP Yazoo City have active cases of COVID-19; it also reports that 240 inmates at USP Yazoo City have recovered from COVID-19 and that 1 inmate at USP Yazoo City has died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021).

In August 2020, Mr. Turnley filed a pro se motion for compassionate release. Dkt. 116. The Court appointed counsel. Dkt. 117. Appointed counsel filed a supporting memorandum, dkt. 121, the United States responded, dkt. 126, and Mr. Turnley filed his reply, dkt. 128. Thus, the motion is now ripe for decision.

**II.     Discussion**

Mr. Turnley seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 121. Specifically, he contends that his advanced age (64 years old) and underlying medical conditions (including type 2 diabetes mellitus, asthma, hypertension and COPD), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Turnley has not established extraordinary and compelling reasons for release and that the factors under 18 U.S.C. § 3553(a) do not favor release. Dkt. 126.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

---

[1] The United States does not argue that Mr. Turnley has failed to exhaust his administrative remedies.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Turnley does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the

Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

Mr. Turnley claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including type 2 diabetes mellitus, asthma, hypertension and COPD) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 121. According to the CDC (Centers for Disease Control and Prevention), type 2 diabetes mellitus, moderate-to-severe asthma and COPD are conditions that can make you more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 12, 2021). The United States disputes whether Mr. Turnley has some of these medical conditions, and even if he does, whether having such conditions establishes extraordinary and compelling reasons to warrant a sentence reduction. The Court need not resolve this dispute, however, because even if it assumes for purposes of this motion that Mr. Turnley has established extraordinary and compelling reasons that could potentially warrant compassionate release, the applicable § 3553(a) sentencing factors weigh against granting relief.

Pursuant to § 3553(a), the following are relevant factors for the court to consider at sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Turnley's warden in denying Mr. Turnley's administrative request for relief. Dkt. 122. Mr. Turnley's warden appears not to have considered the possibility that Mr. Turnley could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *Id.* Thus, the warden's decision provides little guidance to the Court's analysis.

defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Turnley's motion.

Here, Mr. Turnley claims to suffer from several medical conditions that can increase his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 12, 2021) (identifying type 2 diabetes mellitus, moderate-to-severe asthma and COPD as conditions that can make you more likely to get severely ill from COVID-19). While USP Yazoo City experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited on Apr. 12, 2021) (showing only 3 inmates with active COVID-19 infections). The BOP has also actively begun vaccinating inmates against COVID-19. *Id.* As of April 9, 2021, 855 inmates and 310 staff members at FCC Yazoo City (of which USP Yazoo City is a part) have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Turnley faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Also weighing in Mr. Turnley's favor, the BOP rates him as a low risk for recidivism and has given him a low security classification. Mr. Turnley has been employed for 5 years at Unicor's Customer Service Center and, according to Mr. Turnley, he has not had any disciplinary write-ups in seven years. Mr. Turnley successfully completed a drug treatment program, as well as other courses. Mr. Turnley also states that he has made lifestyle changes that have helped him maintain his focus and sobriety.

Weighing against him, Mr. Turnley committed a serious crime that endangered the lives of the individuals in the bank at the time of the robbery, as well as anyone in the vicinity of his vehicle during the high-speed chase. He also has several felonies in his criminal history including: (1) robbery in 1979; (2) recklessness with injury and theft in 1982; (3) voluntary manslaughter in 1983; (4) dealing in cocaine in 1991; (5) theft in 2009; and (6) theft in 2013. Dkt. 60. Mr. Turnley violated parole on multiple occasions and served significant terms of imprisonment for his manslaughter and dealing in cocaine convictions. Finally, Mr. Turnley still has more than a quarter of his sentence remaining and is not scheduled to be released for another 3 years. The Court recognizes that there were several years when Mr. Turnley did not have any convictions and held a good job. Mr. Turnley cites to the loss of his job and his subsequent drug addiction as the reason he committed the instant offense, and while the Court commends him for the strides he has made to address those issues, it cannot conclude that the 3553(a) factors favor release.

In light of the above, the Court finds that releasing Mr. Turnley early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks prisoners with underlying conditions such as Mr. Turnley face from COVID-19, but it cannot find that those risks warrant releasing him from

incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Turnley's motion for compassionate release, dkt. [116], is **denied**.

**IT IS SO ORDERED.**

Date: 4/15/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel